Galante v Karlis (2025 NY Slip Op 03512)

Galante v Karlis

2025 NY Slip Op 03512

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

491/24 CA 24-00020

[*1]MARY E. GALANTE, PLAINTIFF-RESPONDENT,
v
ROBERT G. KARLIS, DEFENDANT, COUNTY OF ERIE, ELMA MEADOWS GOLF COURSE AND COUNTY OF ERIE PARKS, RECREATION AND FORESTRY, DEFENDANTS-APPELLANTS.

JEREMY C. TOTH, COUNTY ATTORNEY, BUFFALO (ERIN E. MOLISANI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ANDREWS, BERNSTEIN & MARANTO PLLC, BUFFALO (BENJAMIN J. ANDREWS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered September 15, 2023. The order, insofar as appealed from, denied in part the cross-motion of defendants-appellants for summary judgment and granted the motion of plaintiff to dismiss two of defendants-appellants' affirmative defenses. The order was reversed insofar as appealed from by order of this Court entered July 26, 2024 (229 AD3d 1311), and the Court of Appeals on April 15, 2025 reversed the order and remitted the case to this Court for consideration of issues raised but not determined on the appeal to this Court (— NY3d &mdash, 2025 NY Slip Op 02178 [2025]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the order so appealed from is unanimously affirmed without costs.
Memorandum: This case is before us upon remittitur from the Court of Appeals (Katleski v Cazenovia Golf Club, Inc., — NY3d &mdash, 2025 NY Slip Op 02178 [2025], revg Galante v Karlis, 229 AD3d 1311 [4th Dept 2024]). We previously, inter alia, reversed an order insofar as appealed from, denied in part plaintiff's motion to dismiss certain affirmative defenses asserted by, among others, defendant County of Erie (County), reinstated the 11th affirmative defense, and granted that part of the cross-motion of the County, among others, for summary judgment dismissing the complaint against the County (Galante, 229 AD3d at 1311-1312). We determined that the County was entitled to summary judgment dismissing the complaint against it based on its 11th affirmative defense, the doctrine of assumption of the risk (id. at 1313-1314). In light of that determination, we did not decide whether the County was also entitled to summary judgment dismissing the complaint against it based on its 15th affirmative defense, sounding in release, or whether the court erred in granting that part of plaintiff's motion seeking summary judgment dismissing that affirmative defense (id. at 1314). The Court of Appeals reversed our order, and thus it denied that part of the cross-motion seeking summary judgment dismissing the complaint against the County based on the 11th affirmative defense, reinstated the complaint against the [*2]County, and granted that part of plaintiff's motion seeking to dismiss the 11th affirmative defense, and it remitted the matter to this Court "for consideration of the issues raised but not determined" previously (Katleski, — NY3d at &mdash, 2025 NY Slip Op 02178, *3).
Contrary to the County's contention, Supreme Court properly granted that part of the motion seeking to dismiss the County's affirmative defense of release, and denied that part of the cross-motion seeking summary judgment dismissing the complaint against the County based on that affirmative defense (see Galante, 229 AD3d at 1315 [Lindley and Ogden, JJ., dissenting]). In the complaint, plaintiff seeks damages resulting from the County's own alleged negligence stemming from, inter alia, its design and maintenance of the parking lot in which plaintiff was injured. Although plaintiff signed a release before she used the golf cart in which her injuries occurred, such a release must pass an "exacting standard," i.e., "unless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from liability for [its] own negligent acts" (Gross v Sweet, 49 NY2d 102, 107 [1979]; see Barone v St. Joseph's Villa [appeal No. 2], 255 AD2d 973, 974 [4th Dept 1998]). We conclude that the release here did not include unmistakable language that would insulate the County from liability for its own alleged negligence (see Barone, 255 AD2d at 974; see generally Gross, 49 NY2d at 107).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court